**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| WILLIAM HESTER, ) | |
| ID # 1741765, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:11-CV-3099-B-BH |
| ) | |
| DALLAS COUNTY JAIL, et. al, ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the complaint should be **DISMISSED** as frivolous.

**I. BACKGROUND**

This prisoner civil rights under 42 U.S.C. § 1983 arises from on an incident on June 30, 2011, during which a fellow inmate at the Dallas County Jail staffed Plaintiff William Hester (Plaintiff) in the face with a pencil. Plaintiff sues the Dallas County jail, the Dallas County Sheriff's Department, the City of Dallas, and Sheriff Lupe Valdez, for failing to keep him safe while he was in custody, and he sues inmate Cean Johnson for assaulting him. (Complaint ("Compl.") at 1-2; 1st Magistrate Judge's Questionnaire Answers ("MJQ Ans.") 1, 2; 2nd MJQ Ans 1).[1] He seeks monetary damages. (1st MJQ Ans. 5; 2nd MJQ Ans. 1).

**II. PRELIMINARY SCREENING**

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his

---

[1] Plaintiff's answers to the questions in the MJQ constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III.  SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

2

**A. Non-Jural Entities**

Plaintiff names the Dallas County Jail and the Dallas Sheriff's Department as defendants. (Compl. at 1; 1st MJQ Ans. 1). A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. Neither the Dallas County jail nor a county sheriff's department is a jural entity subject to suit. *See*, *e.g.*, *Edwards v. Dallas County Jail Med. Dep't*, No. 3:07-CV-0886-G, 2007 WL 2687615, at *2 (N.D. Tex. Sept. 13, 2007); *Magnett v. Dallas County Sheriff's Dep't*, No. 3:96-CV-3191, 1998 WL 51355, at *1 (N.D. Tex. Jan. 20, 1998).[2] The claims against the Dallas County Jail and the Dallas Sheriff's Department should therefore be dismissed.

**B. Municipalities**

Plaintiff sues the City of Dallas for the injury he sustained in the Dallas County jail. The City of Dallas does not maintain the county jail. *See* TEX. LOCAL GOV'T CODE ANN. §§ 351.001, 351.004 (West 1989) (setting forth the requirement that the commissioners court of a county has duty to provide and maintain county jail).

Even if Plaintiff intended to sue Dallas County, he has failed to state a viable claim. Municipalities, including "local governmental units such as a county," may be held liable under §

---

[2] The 1st MJQ specifically advised Plaintiff that the county jail is a non-jural entity and provided Plaintiff an opportunity to amend his complaint to add additional defendants. He chose to add the sheriff's department as a defendant. (1st MJQ Ans 1). The 2nd MJQ advised him that the sheriff's department is a non-jural entity and again provided him an opportunity to amend his complaint to add additional defendants. Plaintiff added Cean Johnson, the City of Dallas, and Sheriff Valdez as defendants. (2nd MJQ Ans. 1).

1983. *Hampton Co. Nat'l Sur., LLC v. Tunica County*, 543 F.3d 221, 224 (5th Cir. 2008). To hold a municipality liable, however, plaintiffs must show an "underlying claim of a violation of rights", as well as, "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). One incident does not show a policy or custom. *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753-54 (5th Cir. 2009); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002). Moreover, in general, "single constitutional violations" are insufficient to infer a custom or policy. *Piotrowski v. City of Houston,* 237 F.3d 567, 581 (5th Cir. 2001).

Plaintiff has not alleged any official policy or custom on the part of Dallas County that violated his constitutional rights. His single alleged incident is insufficient to infer that Dallas County has an official customary policy or custom of failing to protect inmates at the county jail. Plaintiff argues that he would not have been stabbed with a pencil by another inmate if the officers on duty done their jobs and answered the safety button. (1st MJQ Ans. 2). At most, he has alleged that some officers were negligent. Negligence is simply insufficient to impose liability under § 1983. *Brumfield v. Hollins*, 551 F.3d 322, 333 (5th Cir. 2008); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Plaintiff has therefore failed to state a plausible claim against the City of Dallas or Dallas County.

**C. Sheriff**

Plaintiff sues Sheriff Lopez based on the actions or omissions of the staff working in the jail. (MJQ Ans. 1). Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or respondeat superior liability. *See Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir. 2005). In order to

4

prevail against a supervisor under § 1983, a plaintiff must show that: 1) the supervisor's conduct directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id.* A plaintiff cannot make generalized allegations. *Howard v. Fortenberry,* 723 F.2d 1206 (5th Cir.1984).

Here, Plaintiff does not allege that Sheriff Valdez actually knew or had any involvement in the staff's alleged action or inaction. Instead, he sues the Sheriff because it is "her Job to make sure all inmate [sic] are safe and that all staff do their job." (2nd MJQ Ans. 1). He further alleges that a detention officer and her crew were responsible for his injury because no-one answered the safety button in the cell block when it was pushed and that he would never have been stabbed if these officers had been doing their jobs. (1st MJQ Ans. 2). Therefore, any claim against the Sheriff arising from any action or inaction is based solely on her supervisory role, and Plaintiff fails to state a plausible claim.[3]

### D. Fellow Inmate

Finally, Plaintiff sues the inmate who stabbed him with a pencil. As noted earlier, to state a viable claim for relief in a § 1983 action, Plaintiff must allege that he has been deprived of a right secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999), *West v. Atkins*, 487 U.S. 42, 48 (1988). "Under color of state

---

[3] Plaintiff specifically declined to name any of the staff at the jail as defendants in his lawsuit. (2nd MJQ Ans. 3).

law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Private action may be deemed state action, for purposes of § 1983, only where the challenged conduct "may be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Plaintiff has alleged no facts to support a claim that a fellow inmate's assaultive conduct against him may be attributable to the State. *See Clary v. Roque*, 2009 WL 3386398, *1 (S.D. Tex. Oct. 20, 2009) (holding that an inmate is not a state actor under § 1983). He therefore fails to state a plausible claim against this defendant.

## IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

**SIGNED this 6th day of March, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

     A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                           IRMA CARRILLO RAMIREZ
                                           UNITED STATES MAGISTRATE JUDGE